HARVEY H. PALMER and FREDERICK E. PALMER

*v.*

SAMUEL F. MARTINDELL and WILLIAM WELCH et al.

A judgment which is not founded on an actual debt or other legal liability, due or enforceable at the time of its entry, will not be upheld against the creditors of the judgment debtor.

On final hearing on bill and answer and proofs taken in open court.

*Mr. Garret Berry*, for complainants.

*Mr. Martin L. Trimmer* and *Mr. Richard S. Kuhl*, for defendants.

VAN FLEET, V. C.

The complainants are judgment creditors of William F. Finger and Samuel A. Finger. The object of their suit is to procure a decree, declaring a judgment recovered by Samuel F. Martindell and William Welch, in the supreme court of this state, against William F. and Samuel A. Finger, void as to creditors, setting aside a sheriff's sale made thereunder, and compelling Martindell and Welch to pay to them so much of the proceeds of the sheriff's sale as will be sufficient to satisfy their judgment.

The facts on which the complainants' right to relief rests are not disputed. They may be summarized as follows: About the 1st of December, 1885, Martindell and Welch endorsed two promissory notes for the Fingers, amounting together to $4,000, and payable sixty days after date. The notes were subsequently discounted and the Fingers got their proceeds. At the time the notes were endorsed, the Fingers made and delivered to Martindell and Welch a due-bill for $4,000. The consideration on which the due-bill was founded was an oral promise by Martin-

dell and Welch to the Fingers that they would pay the two notes endorsed by them, when they matured. Martindell and Welch brought suit on the due-bill soon after its delivery, and on the return of the summons, the Fingers waived the time allowed by law to plead, and consented to the entry of judgment, and judgment was entered against them on the 15th day of December, 1885. The property of the Fingers, consisting of a stock of merchandise in a store in the city of Lambertville, was sold by the sheriff of the county of Hunterdon, on the 30th of December, 1885, under an execution issued on the judgment of Martindell and Welch, and also by virtue of an execution, issued on another judgment against the Fingers, entered by their mother, Elizabeth Finger, on the same day on which that in favor of Martindell and Welch was entered. The last-mentioned execution was delivered to the sheriff subsequent to the delivery of the execution in favor of Martindell and Welch. Martindell and Welch purchased, at the sheriff's sale, all the property sold, for $3,750, and, two days afterwards, sold it to the mother of the judgment debtors for $4,000, and applied the money thus realized in paying the two notes which they had endorsed.

The question, which this condition of facts presents, may be stated as follows: Is a promise by the payee of a promissory note to pay the debt of the drawer at some future time, or to make a future advance for his benefit, sufficient, as a consideration, to render the note a valid contract, before the debt is paid or any advance is made? In this case the fact is undisputed, that the instrument, on which the judgment of Martindell and Welch was founded, had no consideration whatever, except the promise of Martindell and Welch, to the Fingers, that they would pay the notes, which they had endorsed, when they fell due. Their promise, in its legal essence, was a contract to make an advance for the benefit of the promisees in the future. Such a contract cannot, as I understand the adjudications, be the foundation of a judgment which will be upheld as against the creditors of the judgment debtor. A valid judgment cannot be entered, by confession, to secure future advances, nor will anything short

of a debt, actually due, and founded on a legal consideration, constitute a sufficient foundation for such a judgment to render it valid as against the creditors of the judgment debtor. *Clapp* v. *Ely, 3 Dutch. 555;* Sayre v. *Hewes, 5 Stew. Eq. 652.* The counsel of the defendants, however, say, that the cases just cited simply decide, that a valid judgment, for a debt to be created subsequent to the entry of the judgment, cannot be entered under the statute, regulating the recovery of judgments by confession, on bond and warrant of attorney, but do not decide that a judgment, entered by default, in an action regularly brought, will not be upheld as valid against the creditors of the judgment debtor, if it has no other foundation than a promise to make a future advance. But they do not refer to a single adjudication maintaining the validity of a judgment resting on such a foundation, as against the creditors of the judgment debtor. Until some court, whose decisions this court is bound to follow, has made such an adjudication, this court, I think, is bound, by the most obvious principles of honesty, to declare that a judgment which is not founded on an actual debt, or other legal liability, due or enforceable, at the time of its entry, cannot be upheld as valid against the creditors of the judgment debtor.

The counsel of the defendants liken a judgment, founded on a contract to make a. future advance, to a mortgage given for a like consideration. There can be no doubt, that a mortgage founded on such a consideration, if made in good faith and for an honest purpose, will be upheld as valid to the extent of the amount actually due. Suppose it be conceded, for present purposes, that a judgment, having such a foundation, is entitled to the same legal effect that a mortgage, given on such a consideration, would have. A mortgage founded on such a consideration, would, obviously, create no liability against the mortgagor until something had been advanced under it. If the mortgagee should, in such a case, proceed to foreclose his mortgage, before he had advanced anything under it, and should take a decree and sell the mortgaged premises, and purchase them himself, there can be no doubt, that the title he thus acquired would, as against the creditors of the mortgagors, be utterly worthless. The illegality

Palmer v. Martindell.

of such a transaction would, as against the creditors of the mortgagor, be so conspicuous that it can scarcely be believed that anybody would attempt to impart to it even the gloss of legality. And yet that is substantially what was done in this case. It is admitted, that at the time of the entry of their judgment, Martindell and Welch had not advanced or paid for the Fingers a single penny, nor had they become irrevocably bound for their debt. All they had done was to promise the Fingers, not the persons who held the notes, that when the two notes which they had endorsed, matured, they would pay them. Their liability on the notes at that time was merely contingent. Neither at the time of the entry of their judgment, nor when the sheriff's sale was made, had Martindell and Welch paid a penny for or to the Fingers. They were not, in any sense, creditors of the Fingers. They had done nothing and suffered nothing at the time of the entry of their judgment, nor when the sheriff's sale was made, which gave them a right of action against the Fingers, and they never, in fact, became creditors of the Fingers. Although they promised the Fingers to pay the notes when they fell due, the truth is they did not pay them, but, by means of their judgment, made the property of the Fingers pay them, Stated plainly, the transaction was this : Martindell and Welch took a judgment against the Fingers to secure advances to be made in the future. Before actually advancing a penny, they sold the property of the Fingers under their judgment, and purchased it themselves, and then resold the property, and out of the money thus realized made the advances which they had promised to make. They redeemed their promise with the money of the Fingers. My vision is not keen enough to see in such transaction any honest or legal foundation on which the judgment of Martindell and Welch can rest. Their judgment must be declared void as to the complainants.

This conclusion does not necessarily invalidate the sheriff's

NOTE.— A sale under several executions may be sustained, even if all of them but one be invalid, *Freeman on Ex.* § *325 ; Herman on Ex.* § *207 ; Simpson* v. *Sparkman, 12 Lea 360 ;* although a different rule prevails in Indiana, *Brown* v. *McKay, 16 Ind. 484.*—REP.

sale. As already stated, that sale was made under two executions, one of which was issued on a judgment recovered by Elizabeth Finger. There is no evidence in the case which would justify the court in declaring the judgment of Mrs. Finger void as to creditors. Her judgment is regular on its face, and was pronounced by a court of competent jurisdiction, and is entitled, therefore, to be regarded as in all respects valid. The complainants charge that her judgment is fraudulent as to them, but until they show that such is the fact, the judgment must stand. No fraud as to her judgment has been shown. It must, therefore, be held that the sheriff's sale was made under a valid judgment and execution. This being so, it is clear, that the sale should not be set aside, unless that is the only thing which will give adequate relief to the complainants. Full justice, in my opinion, can be done to them without disturbing the sale. By the sheriff's sale, Martindell and Welch obtained possession of property, which they subsequently, and immediately after they obtained it, sold for $4,000. The means by which they obtained the property was fraudulent as to the complainants. The property, or greater part of it, has, since the sheriff's sale, been disposed of, in such manner, that it is now entirely beyond the reach of the process of this court, or any other. Unless, therefore, Martindell and Welch are held personally answerable for the sum which they received for the property, their fraud will be successful, and the wrong which they have committed against the complainants must go unredressed. This cannot be permitted. The judgment of Mrs. Finger outranks that of the complainants. If Martindell and Welch were required to pay the $4,000, which they received for the property, into court, the court, in disposing of the money, would be bound to direct that her judgment should be first paid. The complainants' rights are subordinate to hers. The complainants are, in my judgment, entitled to a decree, declaring that Martindell and Welch are personally liable to them for such part of the $4,000 as shall be sufficient, after Mrs. Finger's judgment is paid, to pay their judgment, together with the taxed costs of this suit.